UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

08-60014    NO. CR-MIDDLEBROOKS    MAGISTRATE JOHNSON

18 U.S.C. 1962(d)
18 U.S.C. 1956
18 U.S.C. 1343
18 U.S.C. 1341
18 U.S.C. 1001
18 U.S.C. 2

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) |
| **VINCENT F. ARTUSO,** | ) |
| aka "Vinnie," | ) |
| **JOHN VINCENT ARTUSO,** | ) |
| **GREGORY ORR,** | ) |
| **ROBERT M. GANNON,** | ) |
| **PHILIP EDWARD FORGIONE,** | ) |
| aka "Fip," and | ) |
| **WILLIAM LARRY HORTON,** | ) |
| aka "Larry Horton," | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At times material to this Indictment:

1.     **Atlantic Magazine Service, Inc.,** (hereinafter referred to as "AMS") was a

corporation that was created in Florida on or about March 9, 2000. AMS was a telemarketing

business that was engaged in the marketing of magazine subscriptions over the telephone. AMS was at times located at 900 S.E. 8th Avenue, Suite 304 and Suite 103, Deerfield Beach, Florida; 1215 Wallace Drive, Suite 101, Delray Beach, Florida; and 2301 West Sample Road, Building 5, Suite 6A, Pompano Beach, Florida. AMS also conducted business under the names of other entities, including Community Reading Club, Community Reading Club of Deerfield Beach, and Community Reading Club of Delray Beach. The owners of AMS and their percentage ownership interests were defendant **JOHN ARTUSO** (100% in 2000, 2001, 2002, and 2003, and 66.666% in 2004 and thereafter) and defendant **GREGORY ORR** (33.334% in 2004 and thereafter). Defendant **JOHN ARTUSO** was a Director, President, and Registered Agent of AMS. Defendant **GREGORY ORR** was a manager at AMS. Defendant **ROBERT GANNON** was Vice President of AMS.

2.     **V and G Marketing Consultants Corp.,** (hereinafter referred to as "V and G") was a corporation that was created in Florida on or about May 8, 2000. The incorporators were defendants **VINCENT F. ARTUSO** and **GREGORY ORR**. Defendant **VINCENT F. ARTUSO** was the Vice President. Defendant **GREGORY ORR** was a Director, President, and Registered Agent in 2000 through 2006. Defendant **JOHN ARTUSO** was Director, President, Secretary, Treasurer, and Registered Agent in 2007. The principal place of business of V and G was at times located at 900 S.E. 8th Avenue, Deerfield Beach, Florida; 1215 Wallace Drive, Delray Beach, Florida; and 2301 West Sample Road, Building 4, Suite 3A, Pompano Beach, Florida. The owners and their percentage ownership interests were defendant **VINCENT F. ARTUSO** (50%) and defendant **GREGORY ORR** (50%).

3.     **ADT Security Services, Inc.,** (hereinafter referred to as "ADT") was a Delaware corporation and a wholly owned subsidiary of Tyco International Ltd. ADT's corporate office was

located at One Town Center Road, Boca Raton, Florida. ADT provided security services to businesses and residences located throughout the United States and around the world. Such security services included the installation and monitoring of residential and commercial burglar alarms. ADT owned and leased properties for business purposes throughout the United States and the world.

    4.      Defendant **WILLIAM LARRY HORTON** was employed by ADT as Vice President of Planning and Implementation and worked at ADT's corporate office located at One Town Center Road, Boca Raton, Florida. Defendant **HORTON's** duties included selling properties owned by ADT and leasing properties for the use of ADT.

    5.      On or about May 9, 2001, members of the ADT Board of Directors issued a resolution authorizing defendant **WILLIAM LARRY HORTON**, subject to further order of the Board, to enter into, execute, and deliver in the name and on behalf of ADT, any and all real estate sale and purchase agreements, as well as any and all real estate lease agreements, together with any related documents, as approved by corporate counsel, without further act or resolution of the Board.

    6.      In 2002 and 2003, defendant **WILLIAM LARRY HORTON** sold four properties owned by ADT to four different companies, and entered into lease agreements with the four companies, who leased the properties back to ADT for ADT's continued use for business purposes. The four sale and leaseback transactions were for the office buildings and property located at (1) 2801 Gateway Drive, Pompano Beach, Florida (hereinafter referred to as the "Pompano Beach property"), (2) 32100 U.S. Highway 19 North, Palm Harbor, Florida (hereinafter referred to as the "Palm Harbor property"), (3) 3040 Industry Drive, East Hempfield Township, Lancaster County, Pennsylvania (hereinafter referred to as the "Lancaster property"), and (4) 111 Windsor Drive, Oak Brook, Illinois (hereinafter referred to as the "OakBrook property").

### The Pompano Beach Property

7.     On or about February 5, 2002, ADT sold the Pompano Beach property to Efficient Realty & Development, L.L.C., which simultaneously leased the property back to ADT, which then became a tenant in the property that it previously had owned.

8.     **Efficient Realty & Development, L.L.C.,** (hereinafter referred to as "Efficient Realty FL") was a Limited Liability Company that was created in Florida on or about December 6, 2001.  Defendant **ROBERT GANNON** was the Manager, a Member, and the Registered Agent. The principal place of business was at times listed as 10571 N.W. 66th Street, Parkland, Florida, and 1690 S.W. 2nd Avenue, Boca Raton, Florida.  The owners and their percentage ownership interests were J & G Associates, LLC (50.1%), Longhill Holdings, LLC (20%), CAE Enterprises, Inc. (10%), Bayhill Development, LLC (10%), and Property Futures, Inc. (9.9%).

9.     **J & G Associates, LLC** was a Limited Liability Company that was created in Florida on or about March 15, 2002.  Defendant **GREGORY ORR** was the Manager and a Member. Janine Orr, wife of defendant **GREGORY ORR,** was a Member.  KCGF Associates, LLC was a Member listed on a filing with the Florida Department of State on or about January 30, 2003.  The owners and their percentage ownership interests were KCGF Associates, LLC (60%), defendant **GREGORY ORR** and Janine Orr (40% in 2002 and 2003) and subsequently Orr Family Management Company, LLC (40% in 2004 and thereafter).

10.     **Longhill Holdings, LLC** was a Limited Liability Company that was created in Florida on or about March 15, 2002.  Defendant **JOHN ARTUSO** was the Manager.  The owner and his percentage ownership interest was defendant **JOHN ARTUSO** (100%).

11.     **CAE Enterprises, Inc.** was a corporation that was created in Pennsylvania on or

about May 13, 1999. The registered office address on the Article of Incorporation was 1315 North Webster Avenue, Dunmore, Pennsylvania, which was the address of defendant **PHILIP FORGIONE**. Defendant **PHILIP FORGIONE** received income from CAE Enterprises, Inc.

      12.    **Property Futures, Inc.** was a corporation that was created in Florida on or about August 1, 2001. Defendant **ROBERT GANNON** was the Director, President, Treasurer, and Secretary listed on filings with the Florida Department of State in 2002 and 2003. Defendant **ROBERT GANNON** was the Registered Agent listed on filings with the Florida Department of State in 2003 and thereafter. Mary Ellen Gannon, wife of defendant **ROBERT GANNON**, was the Director and Secretary listed on filings with the Florida Department of State in 2003 and thereafter. The principal place of business was at times listed as 900 S.E. 8th Avenue, Suite 104, Deerfield Beach, Florida, and 1690 S.W. 2nd Avenue, Boca Raton, Florida. The owner and his percentage ownership interest was defendant Robert Gannon (100%).

      13.    **KCGF Associates, LLC** was a Limited Liability Company that was created in Florida on or about March 18, 2002. Defendant **GREGORY ORR** was the Manager listed on filings with the Florida Department of State in 2003 and thereafter. Defendant **WILLIAM LARRY HORTON** and his wife, Janie Marie Horton, were both listed as Members on a filing with the Florida Department of State in 2003, but were deleted on a filing in 2004. The owners and their percentage ownership interests were defendant **WILLIAM LARRY HORTON** (50%) and Janie Marie Horton (50%).

      14.    **Orr Family Management Company, LLC** was a Limited Liability Company that was created in Florida on or about October 13, 2003. Janine Orr was the Manager and a Member. Defendant **GREGORY ORR** was the Registered Agent. The principal place of business was listed

as 6710 N.W. 101st Terrace, Parkland, Florida. The owners and their percentage ownership interests were defendant **GREGORY ORR** (49.5%), Janine Orr (49.5%), and Janine Orr (1%).

### The Palm Harbor Property

15.    On or about February 5, 2002, ADT sold the Palm Harbor property to Westmore Properties, LLC, which simultaneously leased the property back to ADT, which then became a tenant in the property that it previously had owned.

16.    **Westmore Properties, LLC** was a Limited Liability Company that was created in Florida on or about January 11, 2002. Defendant **JOHN ARTUSO** was the Manager, a Member, and the Registered Agent. The principal place of business was at times listed as 555 S.E. 6th Avenue, Apartment 5F, Delray Beach, Florida, and 6161 N.W. 2nd Avenue, Apartment 417, Boca Raton, Florida. The owners and their percentage ownership interests were J & G Associates, LLC (50.1%), Longhill Holdings, LLC (20%), CAE Enterprises, Inc. (10%), Bayhill Development, LLC (10%), and Property Futures, Inc. (9.9%).

### The Lancaster Property

17.    On or about February 5, 2002, ADT sold the Lancaster property to Efficient Realty & Development, LLC, which simultaneously leased the property back to ADT, which then became a tenant in the property that it previously had owned.

18.    **Efficient Realty & Development, LLC** (hereinafter referred to as "Efficient Realty PA") was a Limited Liability Company that was created in Pennsylvania on or about November 16, 2001. The organizers were defendant **GREGORY ORR** and his wife, Janine Orr. The owners and their percentage ownership interests were J & G Associates, LLC (50.1%), Longhill Holdings, LLC (20%), CAE Enterprises, Inc. (10%), Bayhill Development, LLC (10%), and Property Futures, Inc.

(9.9%).

### The OakBrook Property

19.    On or about September 18, 2003, ADT sold the OakBrook property to OakBrook Properties, LLC, which simultaneously leased the property back to ADT, which then became a tenant in the property that it previously had owned.

20.    **OakBrook Properties, LLC** was a Limited Liability Company that was created in Illinois on or about March 6, 2002. The sole Manager of OakBrook Properties, LLC was 111 Windsor, Inc. until June 27, 2002, when it was replaced as Manager by 111 Windsor LLC. The owners and their percentage ownership interests were GJO Associates, LLC (60%), Longhill Holdings, LLC (30%), and defendant **ROBERT GANNON** (10% in 2003) and subsequently Gannon Family Company, LLC (10% in 2004 and thereafter).

21.    **GJO Associates LLC** was a Limited Liability Company that was created in Illinois on or about November 14, 2002. Defendant **GREGORY ORR** was the Manager. The owners and their percentage ownership interests were KCGF Associates, LLC (50%), defendant **GREGORY ORR** (41.67%) and subsequently Orr Family Management Company, LLC (41.67% in 2004 and thereafter), and PCL Properties LLC (8.33%).

22.    **Gannon Family Company, LLC** was a Limited Liability Company that was created in Florida on or about December 23, 2003. Mary Ellen Gannon, wife of defendant **ROBERT GANNON**, was the Manager and a Member. The principal place of business was listed as 1690 S.W. 2nd Avenue, Boca Raton, Florida.

23.    Defendant **VINCENT F. ARTUSO** was a member of the Gambino Organized Crime Family of La Cosa Nostra who supervised and directed criminal activities of others committing

criminal acts in the Southern District of Florida and elsewhere, and received a share of the proceeds of those criminal acts.

## COUNT 1
(RICO Conspiracy, 18 U.S.C. 1962(d))

1.    The General Allegations set forth in paragraphs one (1) through twenty-three (23) of this Indictment are realleged and incorporated herein by reference.

### The Enterprise

2.    From in or about 1999, through the date of the return of this Indictment, at Broward County, in the Southern District of Florida, and elsewhere, defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**
**aka "Larry Horton,"**

and others known and unknown to the Grand Jury, constituted an enterprise within the meaning of Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### The Purpose and Object of the Enterprise

3.    The principal purpose and object of the enterprise was to make money for the members and associates of the enterprise through various criminal activities, as set forth in paragraph

five (5) below.

### The RICO Conspiracy

4.      From in or about 1999, through the date of the return of this Indictment, at Broward

County, in the Southern District of Florida, and elsewhere, defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**
**aka "Larry Horton,"**

and others known and unknown to the Grand Jury, being persons employed by and associated with

the enterprise, which enterprise engaged in, and the activities of which affected, interstate and

foreign commerce, unlawfully and knowingly combined, conspired, confederated and agreed to

conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through

a pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and

(5).

### The Pattern of Racketeering Activity

5.      The pattern of racketeering activity through which the defendants and their co-

conspirators agreed to conduct and participate, directly and indirectly, in the conduct of the affairs

of the enterprise consisted of multiple acts indictable under the following laws:

    a.      Mail fraud, in violation of Title 18, United States Code, Section 1341.

    b.      Wire fraud, in violation of Title 18, United States Code, Section 1343.

    c.      Laundering of monetary instruments and conspiracy to do so, in violation of

Title 18, United States Code, Section 1956.

        d.     Engaging in monetary transactions in property derived from specified unlawful activity and conspiracy to do so, in violation of Title 18, United States Code, Section 1957.

        e.     Interstate travel or transportation in aid of racketeering enterprises, in violation of Title 18, United States Code, Section 1952.

The Manner and Means of the Conspiracy

6.     It was part of the conspiracy that each defendant agreed to engage in acts to achieve the overall objective of the enterprise, and that a conspirator would commit at least two acts of racketeering activity, in the conduct of the affairs of the enterprise.

7.     It was further part of the conspiracy that defendant **VINCENT F. ARTUSO** would oversee and supervise the illegal activities of other members of the enterprise and would receive a share of the illegal proceeds generated from the mail fraud, wire fraud, and money laundering activities, among other crimes.

8.     It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR**, and **ROBERT GANNON** and other persons would acquire office space in Deerfield Beach, Florida, among other locations, for the purpose of operating Atlantic Magazine Service, Inc., (hereinafter referred to as "AMS") a magazine subscription telemarketing business engaging in fraudulent activities for the financial benefit of the enterprise.

9.     It was further part of the conspiracy that defendants **JOHN ARTUSO, GREGORY ORR**, and **ROBERT GANNON** and other co-conspirators would hire salespersons and instruct them to make telephone calls to numerous victims located throughout the United States and deceive the victims by making false statements and misrepresentations about the terms and required

payments for purchasing subscriptions for magazines.

10.    It was further part of the conspiracy that defendants **JOHN ARTUSO, GREGORY ORR**, and **ROBERT GANNON** and other co-conspirators would instruct AMS employees to make false statements and misrepresentations to the numerous victims in order to obtain confidential credit card information from the victims.

11.    It was further part of the conspiracy that defendants **JOHN ARTUSO, GREGORY ORR**, and **ROBERT GANNON** and other co-conspirators would instruct AMS employees to make unauthorized charges in excessive amounts to the credit card accounts of victims who were misled into subscribing to various magazines.

12.    It was further part of the conspiracy that defendants **JOHN ARTUSO, GREGORY ORR,** and **ROBERT GANNON** and other co-conspirators would disburse the substantial illegal proceeds that AMS fraudulently obtained from victims to themselves and other co-conspirators in the form of excessive paychecks and other payments for personal expenses of the co-conspirators, as well as to facilitate further criminal activities against other persons and entities.

13.    It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR**, and **ROBERT GANNON** would use illegal proceeds that AMS fraudulently obtained from victims to pay real estate closing costs in order to facilitate a scheme to defraud ADT and its stockholders.

14.    It was further part of the conspiracy that defendant **WILLIAM LARRY HORTON,** in his position as Vice President of Planning and Implementation at ADT, would violate the fiduciary duty he owed to ADT and its stockholders by agreeing to sell real estate properties owned by ADT to companies owned or controlled by defendants **VINCENT F. ARTUSO, JOHN ARTUSO,**

GREGORY ORR, ROBERT GANNON, and PHILIP FORGIONE, among other persons, at purchase prices substantially below fair market value, and by agreeing to simultaneously execute leases whereby those companies would lease the properties back to ADT at lease payments substantially above fair market value, all to the financial detriment of ADT and its stockholders.

15.    It was further part of the conspiracy that defendants VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, and PHILIP FORGIONE, among other persons, would unlawfully agree to give defendant WILLIAM LARRY HORTON and Janie Marie Horton a large percentage ownership interest in the properties purchased from, and leased back to, ADT.

16.    It was further part of the conspiracy that defendants VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE, and WILLIAM LARRY HORTON would conceal from ADT and its stockholders the substantial personal financial interest of defendant WILLIAM LARRY HORTON and Janie Marie Horton in the properties by using multiple limited liability companies and corporations in the real estate transactions, instead of using the actual names of defendant WILLIAM LARRY HORTON and Janie Marie Horton, as purchasers from, and simultaneous lessors back to, ADT.

17.    It was further part of the conspiracy that defendants VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE, and WILLIAM LARRY HORTON would engage in a real estate transaction in which defendant WILLIAM LARRY HORTON, acting on behalf of ADT, would sell ADT's Pompano Beach property to Efficient Realty FL for approximately $1,290,000.00, which was substantially below the fair market value of that property.

18. It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE,** and **WILLIAM LARRY HORTON** would engage in a real estate transaction in which Efficient Realty FL would lease the Pompano Beach property back to ADT pursuant to a commercial lease agreement that required ADT to pay for the taxes, utilities, repairs, maintenance, and insurance for the property, and pursuant to which ADT would make monthly lease payments, with automatic annual increases over the term of the fifteen-year lease, which payments were substantially above the fair market value of the leasehold interest.

19. It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE,** and **WILLIAM LARRY HORTON** would conceal from ADT and its stockholders that, as a result of the sale and leaseback transactions, defendant **WILLIAM LARRY HORTON** and Janie Marie Horton would jointly own approximately 30% of the Pompano Beach property, and would jointly receive approximately 30% of the fraud proceeds paid by ADT to the co-conspirators.

20. It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE,** and **WILLIAM LARRY HORTON** would engage in a real estate transaction in which defendant **LARRY HORTON**, acting on behalf of ADT, would sell ADT's Palm Harbor property to Westmore Properties, LLC for approximately $684,900.00, which was substantially below the fair market value of that property.

21. It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE,** and **WILLIAM**

13

LARRY HORTON would engage in a real estate transaction in which Westmore Properties, LLC would lease the Palm Harbor property back to ADT pursuant to a commercial lease agreement that required ADT to pay for the taxes, utilities, repairs, maintenance, and insurance for the property, and pursuant to which ADT would make monthly lease payments, with automatic annual increases over the term of the fifteen-year lease, which payments were substantially above the fair market value of the leasehold interest.

22.    It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE**, and **WILLIAM LARRY HORTON** would conceal from ADT and its stockholders that, as a result of the sale and leaseback transactions, defendant **WILLIAM LARRY HORTON** and Janie Marie Horton would jointly own approximately 30% of the Palm Harbor property, and would jointly receive approximately 30% of the fraud proceeds paid by ADT to the co-conspirators.

23.    It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE**, and **WILLIAM LARRY HORTON** would engage in a real estate transaction in which defendant **WILLIAM LARRY HORTON**, acting on behalf of ADT, would sell ADT's Lancaster property to Efficient Realty PA for approximately $840,900.00, which was substantially below the fair market value of that property.

24.    It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE**, and **WILLIAM LARRY HORTON** would engage in a real estate transaction in which Efficient Realty PA would lease the Lancaster property back to ADT pursuant to a commercial lease agreement that required

ADT to pay for the taxes, utilities, repairs, maintenance, and insurance for the property, and pursuant to which ADT would make monthly lease payments, with automatic annual increases over the term of the fifteen-year lease, which payments were substantially above the fair market value of the leasehold interest.

25.     It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON, PHILIP FORGIONE**, and **WILLIAM LARRY HORTON** would conceal from ADT and its stockholders that, as a result of the sale and leaseback transactions, defendant **WILLIAM LARRY HORTON** and Janie Marie Horton would jointly own approximately 30% of the Lancaster property, and would jointly receive approximately 30% of the fraud proceeds paid by ADT to the co-conspirators.

26.     It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON**, and **WILLIAM LARRY HORTON** would engage in a real estate transaction in which defendant **WILLIAM LARRY HORTON**, acting on behalf of ADT, would sell ADT's OakBrook property to OakBrook Properties, LLC for approximately $2,100,000.00, which was substantially below the fair market value of that property.

27.     It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON**, and **WILLIAM LARRY HORTON** would engage in a real estate transaction in which OakBrook Properties, LLC would lease the OakBrook property back to ADT pursuant to a commercial lease agreement that required ADT to pay for the taxes, utilities, repairs, maintenance, and insurance for the property, and pursuant to which ADT would make monthly lease payments, with automatic annual increases over the term of the fifteen-year lease, which payments were substantially above the fair market value of the leasehold interest.

28.    It was further part of the conspiracy that defendants **VINCENT F. ARTUSO, JOHN ARTUSO, GREGORY ORR, ROBERT GANNON,** and **WILLIAM LARRY HORTON** would conceal from ADT and its stockholders that, as a result of the sale and leaseback transactions, defendant **WILLIAM LARRY HORTON** and Janie Marie Horton would jointly own approximately 30% of the OakBrook property, and would jointly receive approximately 30% of the fraud proceeds paid by ADT to the co-conspirators.

29.    It was further part of the conspiracy that defendants **JOHN ARTUSO, GREGORY ORR,** and **ROBERT GANNON,** among other co-conspirators, would provide a share of the illegal monthly lease proceeds received by Efficient Realty FL, Westmore Properties, LLC, Efficient Realty PA, and OakBrook Properties, LLC to defendant **VINCENT F. ARTUSO** by payments through Longhill Holdings, LLC to Efficient Realty & Development Corp.

30.    It was further part of the conspiracy that defendant **VINCENT F. ARTUSO** would use his position and reputation as an organized crime member to unlawfully influence and intimidate persons doing business with the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## COUNTS 2 to 10
(Mail Fraud, 18 U.S.C. 1341)

### Introduction

1.    The General Allegations set forth in paragraphs one (1) through twenty-three (23) of this Indictment are realleged and incorporated herein by reference.

### The Purpose and Object of the Scheme and Artifice

2.    The purpose and object of the scheme and artifice was to enrich the defendants and

their co-conspirators by defrauding ADT of money and commercial real estate property.

### The Scheme and Artifice

3.      The allegations set forth in paragraphs seven (7) and fourteen (14) through thirty (30) of the Manner and Means section of Count One (1) of this Indictment are realleged and incorporated herein by reference as the scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises.

### The Delivery by Mail and Commercial Interstate Carrier

4.      From in or about August 2001, and continuing through the date of the filing of this Indictment, in Broward County in the Southern District of Florida, and elsewhere, defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**
**aka "Larry Horton,"**

and other persons known and unknown to the Grand Jury, having devised and intending to devise the above-described scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing, and attempting to execute, such scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises, knowingly caused to be delivered by mail according to the directions thereon, the matters and things particularly described in each count set forth below.

| Count | Approximate Date | Description of Matter and Thing Delivered |
|-------|------------------|-------------------------------------------|
| 2 | January 23, 2003 | Check no. 1133682 for $42,004.82 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty FL in the Southern District of Florida. |
| 3 | January 23, 2003 | Check no. 1133683 for $21,630.00 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty PA in the Southern District of Florida. |
| 4 | January 23, 2003 | Check no. 1133995 for $21,895.06 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Westmore Properties, LLC in the Southern District of Florida. |
| 5 | February 27, 2003 | Check no. 1151626 for $42,004.82 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty FL in the Southern District of Florida. |
| 6 | February 27, 2003 | Check no. 1151627 for $25,351.75 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty PA in the Southern District of Florida. |
| 7 | March 28, 2003 | Check no. 1165754 for $42,004.82 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty FL in the Southern District of Florida. |
| 8 | March 28, 2003 | Check no. 1165755 for $21,630.00 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty PA in the Southern District of Florida. |
| 9 | April 24, 2003 | Check no. 1178941 for $42,004.82 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty FL in the Southern District of Florida. |
| 10 | April 24, 2003 | Check no. 1178942 for $21,630.00 from ADT in Aurora, Colorado, delivered by the United States Postal Service to Efficient Realty PA in the Southern District of Florida. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 11 to 25
(Wire Fraud, 18 U.S.C. 1343)

### Introduction

1.    The General Allegations set forth in paragraphs one (1) through twenty-three (23) of this Indictment are realleged and incorporated herein by reference.

### The Purpose and Object of the Scheme and Artifice

2.    The purpose and object of the scheme and artifice was to enrich the defendants and their co-conspirators by defrauding ADT of money and commercial real estate property.

### The Scheme and Artifice

3.    The allegations set forth in paragraphs seven (7) and fourteen (14) through thirty (30) of the Manner and Means section of Count One (1) of this Indictment are realleged and incorporated herein by reference as the scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises.

### The Wire Communication

4.    From in or about August 2001, and continuing through the date of the filing of this Indictment, in Broward County in the Southern District of Florida, and elsewhere, defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**
**aka "Larry Horton,"**

and other persons known and unknown to the Grand Jury, having devised and intending to devise

a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing, and attempting to execute, such scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain signs, signals, and sounds particularly described in each count set forth below.

| Count | Approximate Date | Description of Signs, Signals, and Sounds Transmitted |
|---|---|---|
| 11 | July 21, 2003 | Electronic Funds Transfer of $42,004.82 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Union Bank of Florida Account No. 206702 of Efficient Realty FL in the Southern District of Florida. |
| 12 | July 21, 2003 | Electronic Funds Transfer of $21,630.00 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Union Bank of Florida Account No. 206680 of Efficient Realty PA in the Southern District of Florida. |
| 13 | July 21, 2003 | Electronic Funds Transfer of $21,895.06 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Bank Atlantic Account No. 0055606725 of Westmore Properties, LLC in the Southern District of Florida. |
| 14 | March 30, 2004 | Electronic Funds Transfer of $43,054.94 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Union Bank of Florida Account No. 206702 of Efficient Realty FL in the Southern District of Florida. |
| 15 | March 30, 2004 | Electronic Funds Transfer of $22,278.90 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Union Bank of Florida Account No. 206680 of Efficient Realty PA in the Southern District of Florida. |
| 16 | March 30, 2004 | Electronic Funds Transfer of $22,341.14 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Bank Atlantic Account No. 0055606725 of Westmore Properties, LLC in the Southern District of Florida. |

| 17 | March 29, 2005 | Electronic Funds Transfer of $44,131.31 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Gulfstream Business Bank Account No. 0150015355 of Efficient Realty FL in the Southern District of Florida. |
| 18 | March 29, 2005 | Electronic Funds Transfer of $22,947.27 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Gulfstream Business Bank Account No. 0150015364 of Efficient Realty PA in the Southern District of Florida. |
| 19 | March 29, 2005 | Electronic Funds Transfer of $23,228.47 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Bank Atlantic Account No. 0055606725 of Westmore Properties, LLC in the Southern District of Florida. |
| 20 | March 28, 2006 | Electronic Funds Transfer of $45,447.97 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Gulfstream Business Bank Account No. 0150015355 of Efficient Realty FL in the Southern District of Florida. |
| 21 | March 28, 2006 | Electronic Funds Transfer of $23,635.69 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Gulfstream Business Bank Account No. 0150015364 of Efficient Realty PA in the Southern District of Florida. |
| 22 | March 28, 2006 | Electronic Funds Transfer of $23,925.34 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Bank Atlantic Account No. 0055606725 of Westmore Properties, LLC in the Southern District of Florida. |
| 23 | March 27, 2007 | Electronic Funds Transfer of $46,514.82 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Gulfstream Business Bank Account No. 0150015355 of Efficient Realty FL in the Southern District of Florida. |
| 24 | March 27, 2007 | Electronic Funds Transfer of $24,344.76 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Gulfstream Business Bank Account No. 0150015364 of Efficient Realty PA in the Southern District of Florida. |
| 25 | March 27, 2007 | Electronic Funds Transfer of $24,762.71 from NationsBank/Bank of America Account No. 3299943904 of ADT in Virginia to Bank Atlantic Account No. 0055606725 of Westmore Properties, LLC in |

the Southern District of Florida.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 26
(Money Laundering Conspiracy, 18 U.S.C. 1956(h))

### Introduction

1.    The General Allegations set forth in paragraphs one (1) through twenty-three (23) of

this Indictment are realleged and incorporated herein by reference.

### The Conspiracy

2.    From in or about August 2001, and continuing through the date of the filing of this

Indictment, in Broward County in the Southern District of Florida, and elsewhere, defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**
**aka "Larry Horton,"**

knowingly conspired, confederated, and agreed with each other and with other persons known and

unknown to the Grand Jury to commit offenses against the United States, that is, to violate Title 18,

United States Code, Sections 1956(a)(1)(B)(i) and 1957.

### The Purpose and Object of the Conspiracy

3.    It was the purpose and object of the conspiracy to:

a.    knowingly and willfully conduct and attempt to conduct financial transactions

affecting interstate and foreign commerce, that is, issuing checks drawn upon, and transferring funds

from, bank accounts containing the proceeds of specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341, and wire fraud in violation of Title 18, United States Code, Section 1343, and knowing the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and knowing that the property involved represented the proceeds of some form of unlawful activity; and

        b.      knowingly and willfully engage and attempt to engage in monetary transactions affecting interstate and foreign commerce in criminally derived property that was of a value greater than $10,000, which was from specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341, and wire fraud in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 27 to 41
(Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i))

1.      The General Allegations set forth in paragraphs one (1) through twenty-three (23) of this Indictment are realleged and incorporated herein by reference.

2.      On or about the dates enumerated as to each of these Counts of the Indictment, in the Southern District of Florida, and elsewhere, defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**

aka "Larry Horton,"

knowing that the property involved represented the proceeds of some form of unlawful activity,

knowingly and willfully conducted and attempted to conduct financial transactions, and aided and

abetted, counseled, commanded, induced, and caused the conducting and attempt to conduct

financial transactions, affecting interstate and foreign commerce, which transactions involved the

proceeds of specified unlawful activity, that is, mail fraud, in violation of Title 18, United States

Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, and

knowing the transactions were designed in whole or in part to conceal and disguise the nature,

location, source, ownership and control of the proceeds of said specified unlawful activity; the

financial transactions being particularly described in each count set forth below.

| Count | Approximate Date | Description of Financial Transaction |
|-------|------------------|--------------------------------------|
| 27 | February 3, 2003 | Deposit of check no. 1042 for $5,570.60 issued by Longhill Holdings, LLC into the Union Bank of Florida account of Efficient Realty & Development Corp. for the benefit of defendant **VINCENT F. ARTUSO**. |
| 28 | February 4, 2003 | Deposit of check no. 1025 for $16,054.68 issued by J & G Associates, LLC into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |
| 29 | October 8, 2003 | Deposit of check no. 1253 issued by J & G Associates, LLC and check nos. 1001 and 1010 issued by GJO Associates LLC, which checks totaled $262,277.46, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |
| 30 | December 1, 2003 | Deposit of check no. 1105 for $5,570.06 issued by Longhill Holdings, LLC into the Union Bank of Florida account of Efficient Realty & Development Corp. for the benefit of defendant **VINCENT F. ARTUSO**. |
| 31 | May 5, 2004 | Deposit of check nos. 1284 and 1291 issued by J & G Associates, |

LLC, which checks totaled $32,849.70, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**.

| 32 | May 30, 2004 | Deposit of check no. 1337 issued by Efficient Realty FL, check no. 1330 issued by Efficient Realty PA, and check no. 3113 issued by Westmore Properties, LLC, which checks totaled $11,591.90, into the Union Bank of Florida account of Efficient Realty & Development Corp. for the benefit of defendant **VINCENT F. ARTUSO**. |
|---|---|---|
| 33 | October 1, 2004 | Deposit of check no. 1155 for $5,795.95 issued by Longhill Holdings, LLC into the Union Bank of Florida account of Efficient Realty & Development Corp. for the benefit of defendant **VINCENT F. ARTUSO**. |
| 34 | November 9, 2004 | Deposit of check no. 2018 issued by J & G Associates, LLC and check no. 1069 issued by GJO Associates LLC, which checks totaled $18,204.25, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |
| 35 | December 3, 2004 | Deposit of check no. 1169 for $5,685.50 issued by Longhill Holdings, LLC into the Union Bank of Florida account of Efficient Realty & Development Corp. for the benefit of defendant **VINCENT F. ARTUSO**. |
| 36 | April 15, 2005 | Deposit of check no. 1013 issued by J & G Associates, LLC and check no. 1012 issued by GJO Associates LLC, which checks totaled $18,899.09, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |
| 37 | November 2, 2005 | Deposit of check nos. 1051 and 1056 issued by J & G Associates, LLC and check nos. 1032 and 1036 issued by GJO Associates LLC, which checks totaled $37,855.70, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |
| 38 | April 13, 2006 | Deposit of check no. 1097 issued by J & G Associates, LLC and check no. 1056 issued by GJO Associates LLC, which checks totaled $19,642.00, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |
| 39 | November 17, 2006 | Deposit of check no. 1123 issued by J & G Associates, LLC and check no. 1081 issued by GJO Associates LLC, which checks totaled |

$19,671.75, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**.

| 40 | March 21, 2007 | Deposit of check no. 1140 issued by J & G Associates, LLC and check no. 1100 issued by GJO Associates LLC, which checks totaled $20,439.32, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |
| 41 | April 10, 2007 | Deposit of check no. 1146 issued by J & G Associates, LLC and check no. 1104 issued by GJO Associates LLC, which checks totaled $19,189.82, into the Wachovia Bank account of KCGF Associates, LLC for the benefit of defendant **WILLIAM LARRY HORTON**. |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT 42
(Making False Statement, 18 U.S.C. 1001)

1.     The General Allegations set forth in paragraphs one (1) through twenty-three (23) of this Indictment are realleged and incorporated herein by reference.

2.     On or about January 11, 2006, in Broward County, in the Southern District of Florida, defendant

**WILLIAM LARRY HORTON,**
**aka "Larry Horton,**

in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, that is, the defendant stated and represented to Special Agents of the Federal Bureau of Investigation, an agency of the United States Department of Justice, that he had not conducted any personal, professional, real estate, or lease transactions with Gregory Orr, or with any company or other individual that may have represented Gregory Orr, and that he and Gregory Orr had never met for informal meetings or engaged in social or business discussions of any sort, when in truth and fact

and as the defendant then and there well knew, such statements and representations were materially

false, fictitious, and fraudulent.

All in violation of Title 18, United States Code, Section 1001.

## **FORFEITURE**

### Forfeiture Pursuant to 18 U.S.C. 1963

1.      The allegations contained in Count One (1) of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One (1) of this Indictment.

2.      Defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**
**aka "Larry Horton,"**

a.      have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.      have an interest in, security of, claims against, and property and contractual rights that afford a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights

are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963

(a)(2);

                c.     have property constituting and derived from proceeds obtained, directly and

indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962,

which property is subject to forfeiture to the United States pursuant to Title 18, United States Code,

Section 1963(a)(3),

        3.     The interests of the defendants subject to forfeiture to the United States pursuant to

Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), include, but are not limited to:

            a.     at least $7,000,000.00, including, but not limited to, all interests in, and

contents of, the following accounts:

1. Bank Atlantic Account No. 0055606725 in the name of Westmore Properties, LLC.
2. Gulfstream Business Bank Account No. 0150015355 in the name of Efficient Realty & Development, L.L.C. (Efficient Realty FL).
3. Gulfstream Business Bank Account No. 0150015364 in the name of Efficient Realty & Development, LLC (Efficient Realty PA).
4. Gulfstream Business Bank Account No. 0150015453 in the name of GJO Associates LLC.
5. Gulfstream Business Bank Account No. 0150015444 in the name of J & G Associates, LLC.
6. Gulfstream Business Bank Account No. 0150015603 in the name of J.V.A. Family Company, LLC.
7. Gulfstream Business Bank Account No. 0150015505 in the name of Longhill Holdings, LLC.
8. Gulfstream Business Bank Account No. 0150015417 in the name of Orr Family Management Company, LLC.
9. Colonial Bank Account No. 213478 in the name of Property Futures, Inc.
10. Penn Security Bank & Trust Company Account No. 5-283-009-5 in the name of CAE Enterprises, Inc.
11. TCF National Bank Account No. 7875689256 in the name of OakBrook Properties, LLC.
12. Wachovia Bank Account No. 2000014057270 in the name of KCGF

Associates, LLC.

    b.    All interests in the real estate properties at the following addresses:

        1.    2801 Gateway Drive, Pompano Beach, Florida
        2.    32100 U.S. Highway 19 North, Palm Harbor, Florida
        3.    3040 Industry Drive, East Hempfield, Lancaster County, Pennsylvania
        4.    111 Windsor Drive, Oak Brook, Illinois

    c.    All interests in the following limited liability companies and corporations:

        1.    Atlantic Magazine Service, Inc.
        2.    CAE Enterprises, Inc.
        3.    Efficient Realty & Development Corp.
        4.    Efficient Realty & Development, L.L.C. (Efficient Realty FL)
        5.    Efficient Realty & Development, LLC (Efficient Realty PA)
        6.    Gannon Family Company, LLC
        7.    GJO Associates LLC
        8.    J & G Associates, LLC
        9.    KCGF Associates, LLC
       10.    OakBrook Properties, LLC
       11.    Orr Family Management Company, LLC
       12.    Property Futures, Inc.
       13.    Westmore Properties, LLC

    4.    If any property being subject to forfeiture pursuant to Title 18, United States Code,

Section 1963, as a result of any act or omission of the defendants –

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value, or;

    e.    has been commingled with other property that cannot be divided without

        difficulty;

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section

1963(m), to seek forfeiture of any other property of the defendants up to the value of any property

described in paragraph three, including, but not limited to, the residences at the following addresses:

      1.    3390 South Ocean Boulevard, Unit 406, Palm Beach, Florida
      2.    1131 Yacht Club Way, Unit 207, Hypoluxo, Florida
      3.    6710 N.W. 101st Terrace, Parkland, Florida
      4.    1690 S.W. 2nd Avenue, Boca Raton, Florida
      5.    1315 North Webster Avenue, Dunmore, Pennsylvania
      6.    6547 N.W. 104th Terrace, Parkland, Florida

      5.    The above-named defendants, and each of them, are jointly and severally liable for

the forfeiture obligations as alleged above.

      All pursuant to Title 18, United States Code, Section 1963.

<u>Forfeiture Pursuant to 18 U.S.C. 982</u>

6.    The allegations of Counts Twenty-Six (26) through Forty-One (41) of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

7.    Defendants

**VINCENT F. ARTUSO,**
**aka "Vinnie,"**
**JOHN VINCENT ARTUSO,**
**GREGORY ORR,**
**ROBERT M. GANNON,**
**PHILIP EDWARD FORGIONE,**
**aka "Fip," and**
**WILLIAM LARRY HORTON,**
**aka "Larry Horton,"**

shall forfeit to the United States the following property:

a.    any property, real or personal, involved in the offenses in violation of Title 18, United States Code, Sections 1956 and 1957 as alleged in Counts Twenty-Six (26) through Forty-One (41) of this Indictment, and any property traceable to such property, all in accordance with Title 18, United States Code, Section 982(a)(1).

8.    Such forfeitable property shall include, but is not limited to, the property set forth above in paragraph three (3) of the section relating to forfeiture pursuant to 18 U.S.C. 1963, which is property involved in money laundering.

9.    The defendants are jointly and severally liable for the forfeiture obligations alleged above.

10.    If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 982, as a result of any act or omission of the defendants –

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value, or;

e.    has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of any property described in paragraph eight (8), including, but not limited to, the residences at the addresses set forth above in paragraph four (4).

All pursuant to Title 18, United States Code, Section 982.

FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY

_____
WILLIAM T. SHOCKLEY
ASSISTANT UNITED STATES ATTORNEY

33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

Vincent F. Artuso, et al.,

Defendant.
_____/

**Superseding Case Information:**

**Court Division:** (Select One)

| | Miami | ___ | Key West | | New Defendant(s) | Yes ____ | No ____ |
|---|---|---|---|---|---|---|---|
| X | FTL | ___ | WPB ___ | FTP | Number of New Defendants | | |
| | | | | | Total number of counts | | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    No
   List language and/or dialect _____

4. This case will take ___15___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | X | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | X |
| V | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____     Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     **(Yes or No)**   No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____     District of _____

Is this a potential death penalty case? (Yes or No)     No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? ____ Yes   X  No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ____ Yes   X  No
   If yes, was it pending in the Central Region? ____ Yes ____ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes   X  **No**

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003? ____ Yes   X  No

11. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? X  Yes ____ **No**

_____
WILLIAM T. SHOCKLEY
ASSISTANT UNITED STATES ATTORNEY
Court I.D. No. A5500088

*Penalty Sheet(s) attached

REV.9/11/07

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:  VINCENT F. ARTUSO

Count #:  1          Rico Conspiracy, 18 U.S.C. 1962(d)

---

*Max. Penalty:      20-year term of imprisonment

---

Counts #:  2-10      Mail Fraud, 18 U.S.C. 1341

---

*Max. Penalty:      20-year term of imprisonment

---

Counts #:  11-25     Wire Fraud, 18 U.S.C. 1343

---

*Max. Penalty:      20-year term of imprisonment

---

Count #:  26         Money Laundering Conspiracy, 18 U.S.C. 1956(h)

---

*Max. Penalty:      20-year term of imprisonment

---

Counts #:  27-41     Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i)

---

*Max. Penalty:      20-year term of imprisonment

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:   JOHN VINCENT ARTUSO

Count #:  1          Rico Conspiracy, 18 U.S.C. 1962(d)

*Max. Penalty:       20-year term of imprisonment

Counts #:  2-10      Mail Fraud, 18 U.S.C. 1341

*Max. Penalty:       20-year term of imprisonment

Counts #:  11-25     Wire Fraud, 18 U.S.C. 1343

*Max. Penalty:       20-year term of imprisonment

Count #:  26         Money Laundering Conspiracy, 18 U.S.C. 1956(h)

*Max. Penalty:       20-year term of imprisonment

Counts #:  27-41     Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i)

*Max. Penalty:       20-year term of imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:  GREGORY ORR

Count #:  1          Rico Conspiracy, 18 U.S.C. 1962(d)

*Max. Penalty:      20-year term of imprisonment

Counts #:  2-10     Mail Fraud, 18 U.S.C. 1341

*Max. Penalty:      20-year term of imprisonment

Counts #:  11-25    Wire Fraud, 18 U.S.C. 1343

*Max. Penalty:      20-year term of imprisonment

Count #:  26        Money Laundering Conspiracy, 18 U.S.C. 1956(h)

*Max. Penalty:      20-year term of imprisonment

Counts #:  27-41    Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i)

*Max. Penalty:      20-year term of imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:  ROBERT M. GANNON

Count #:  1          Rico Conspiracy, 18 U.S.C. 1962(d)

*Max. Penalty:          20-year term of imprisonment

Counts #:  2-10          Mail Fraud, 18 U.S.C. 1341

*Max. Penalty:          20-year term of imprisonment

Counts #:  11-25          Wire Fraud, 18 U.S.C. 1343

*Max. Penalty:          20-year term of imprisonment

Count #:  26          Money Laundering Conspiracy, 18 U.S.C. 1956(h)

*Max. Penalty:          20-year term of imprisonment

Counts #:  27-41          Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i)

*Max. Penalty:          20-year term of imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   PHILIP EDWARD FORGIONE

Count #:  1          Rico Conspiracy, 18 U.S.C. 1962(d)

---

*Max. Penalty:       20-year term of imprisonment

Counts #:  2-10      Mail Fraud, 18 U.S.C. 1341

---

*Max. Penalty:       20-year term of imprisonment

Counts #:  11-25     Wire Fraud, 18 U.S.C. 1343

---

*Max. Penalty:       20-year term of imprisonment

Count #:  26         Money Laundering Conspiracy, 18 U.S.C. 1956(h)

---

*Max. Penalty:       20-year term of imprisonment

Counts #:  27-41     Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i)

---

*Max. Penalty:       20-year term of imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  WILLIAM LARRY HORTON

Count #:  1      Rico Conspiracy, 18 U.S.C. 1962(d)

*Max. Penalty:     20-year term of imprisonment

Counts #:  2-10    Mail Fraud, 18 U.S.C. 1341

*Max. Penalty:     20-year term of imprisonment

Counts #:  11-25    Wire Fraud, 18 U.S.C. 1343

*Max. Penalty:     20-year term of imprisonment

Count #:  26      Money Laundering Conspiracy, 18 U.S.C. 1956(h)

*Max. Penalty:     20-year term of imprisonment

Counts #:  27-41    Money Laundering, 18 U.S.C. 1956(a)(1)(B)(i)

*Max. Penalty:     20-year term of imprisonment

Count #:  42      Making a False Statement, 18 U.S.C. 1001

*Max. Penalty:     5-year term of imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**